IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE MARQUEZ,

    Petitioner,                    No.  CIV S-11-2941 GGH P

   vs.

RICK HILL, Warden,

    Respondent.              ORDER &amp;
                                        FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.[1]

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        Petitioner was convicted of murder in the first degree in Los Angeles County Superior Court and sentenced to a term of 25 years-to-life.  Petition, p. 2.  Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) giving him a three-year denial.  Petition, p. 33.  Petitioner sets forth the following grounds: 1) there is no record evidence

---

[1] This case was transferred to this court from the Central District on November 7, 2011. Docket # 4.

1

that implies or rationally relates to a risk of danger in light of the commitment offense and petitioner's subsequent rehabilitation; 2) the BPH panel failed to set forth a shred of evidence suggesting he poses an unreasonable risk of danger if released on parole; 3) violation of due process to deny parole based on unchanging crime factors; 4) using the immutable commitment offense as a basis to deny parole guarantees he will be interminably denied parole in violation of petitioner's constitutional rights; 5) BPH in California serves a function equivalent to that of a sentencing judge in a determinate sentencing case and is bound by the same rules; 6) no parole policy violates equal protection; 7) disproportionality violates Eighth and Fourteenth Amendments because there is no evidence to support a finding that petitioner currently poses an unreasonable level of threat to public safety.  Petition, pp. 5-6, 11-12, 41-78.

On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.  While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court stated:

---

[2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[3] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. As to petitioner's claims 1 through 4, the gravamen of these claims is an alleged violation of California's "some evidence" requirement. As to any "some evidence" claim, petitioner does not make a claim that he was denied an opportunity to be heard at his parole hearing, nor does he claim that he was denied a statement of reasons for his parole denial. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.[4] Therefore, claims

---

[3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

[4] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence."

1 through 4 and 7 should be dismissed.

As to petitioner's claim 5, petitioner contends that the BPH has a term setting function identical to the sentencing obligations of the court. Petition, p. 67. Petitioner cites Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); and two state Supreme Court cases, In re Rosenkrantz, 29 Cal.4th 616, 654, 658, 128 Cal. Rptr. 2d 104 (Cal. 2002); and In re Dannenberg, 34 Cal.4th 1061, 1087-88, 23 Cal. Rptr.3d 417 (Cal. 2005). As to Rosenkrantz, which holds that judicial review is limited to a determination that a governor applied the state "some evidence" standard, and Dannenberg, which found in that case that the BPH could use the circumstances of the commitment offense to deny parole, these cases speak to the process due California prisoners by the BPH and the Governor under state law and their relevance and application to parole challenges in federal court has been foreclosed by Swarthout v. Cooke, 131 S. Ct. at 861.

Nor do Apprendi and its progeny apply because the *invariable* minimum sentence for first degree murder is 25 years to life. Cal. Penal Code § 190(a).[5] This is the alpha and omega of the resolution here. Petitioner mistakes the BPH as part of the judicial system involved in sentencing. It is not. It is a state agency tasked with reviewing parole eligibility which may take into account a myriad of discretionary factors. Nothing in Apprendi or Blakely applies to

---

Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[5] "Every person guilty of murder in the first degree shall be punished by death, imprisonment in the state prison for life without the possibility of parole, or imprisonment in the state prison for a term of 25 years to life."

such agency decision making.  Nor is there any fact finding involved in setting the sentence for first degree murder.  Once the jury has convicted a defendant of first degree murder, the minimum term of imprisonment is 25 years to life (plus any applicable statutory enhancements which may, or may not, involve Apprendi issues).  The 25 year-to-life term applies regardless of the particular circumstances of the crime such as callousness, cruelty and the like.  Claim 5 should be dismissed.

Finally, as to claim 6, petitioner contends that he has been subjected to a no-parole policy in violation of his right to equal protection, arguing that for the last fifteen years, the BPH "has received informal mandates from former governors to severely restrict and ultimately eliminate" the granting of parole to lifers. Petition, p. 71.  There is currently a class action proceeding challenging as unconstitutional an alleged policy of systematic denial of parole to state prisoners convicted of first degree murder and serving life sentences.  Petitioner appears to fit the parameters of class membership in the pending class action, Gilman v. Brown, CIV-S-05-0830 LKK GGH P, proceeding on behalf of prisoners convicted of murder and serving a sentence of life with the possibility of parole with at least one parole denial, challenging the state procedures denying class members parole as well as the deferred reconsideration following a denial.  Brodheim v. Dickinson, 2010 WL 3734050 * 1, n. 5.  Indeed, petitioner so states. Thus, this claim is essentially subsumed within the Gilman class action as a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 891-93 (9th Cir.1979) (affirming dismissal of claims in habeas petition that duplicate pending class action); id. at 893 (9th Cir.1979) ("[a] court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result"); see also McNeil v. Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991) ("[i]ndividual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford,

858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("[t]o allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."). Claim 6 should be dismissed.

There being no claim upon which petitioner may proceed, the petition should be dismissed.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case.

IT IS HEREBY RECOMMENDED that this petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
thom2341.scr